

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICK TARIQ RAHIM,<br>a/k/a Tariq Afzal Rahim,<br><br>Defendant. | Criminal No. 1:23-CR-173 |

## STATEMENT OF FACTS

The United States and the defendant, RICK TARIQ RAHIM, stipulate that the allegations in Count 18 of the Indictment and the following facts are true and correct. The United States and the defendant further stipulate that had this case gone to trial, the United States would have proven each fact beyond a reasonable doubt:

**Individuals, Entities, and Definitions**

1. Defendant RICK TARIQ RAHIM ("RAHIM") resided in Great Falls, Virginia within the Eastern District of Virginia.

2. RAHIM owned and operated BusinessVenturesCOM, LLC ("BVC") from approximately March 2006 through at least 2018. BVC maintained its principal place of business in Great Falls, Virginia within the Eastern District of Virginia. BVC was an umbrella business that RAHIM used to manage other businesses that he owned and operated, including the following:

   a. Alternative Pet Care, LLC ("APC");

   b. Bailey's Laser Tag, LLC;

    c. Chesapeake Family Fun, LLC;

    d. Laser Tag and Bounce;

    e. Myrtle Laser Tag, LLC;

    f. North Myrtle Laser Tag, LLC;

    g. Orlando Laser Tag, LLC;

    h. Outer Banks Laser Tag, LLC;

    i. Panther Family Laser Tag (a/k/a Dulles Laser Tag, LLC);

    j. Sterling Laser Tag, LLC; and

    k. Sweet Heat Management, LLC.

3. From approximately November 2015 through at least March 2022, RAHIM also owned and operated BV Management, LLC ("BVM"). BVM maintained its principal place of business in Great Falls, Virginia within the Eastern District of Virginia. Among other things, RAHIM used BVM to operate an Amazon reseller business.

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering the federal tax laws of the United States and for the collection of taxes owed to the United States.

5. The Federal Insurance Contribution Act ("FICA") required employers to withhold Medicare and Social Security taxes from their employees' wages. The Internal Revenue Code also required employers to withhold federal income taxes from their employees' wages. Collectively these withheld taxes are known as "trust fund taxes" because employers, who hold these taxes in trust for the United States, were required to pay them over to the IRS on behalf of their employees.

6. In addition to trust fund taxes, the Internal Revenue Code also required employers to pay an employer's share of FICA taxes to the IRS. Collectively, the combined employees' trust fund taxes and employer's share of FICA taxes are referred to as "employment taxes."

7. Employers, whose annual liability for employment taxes was greater than $1,000, were required to file an Employer's Quarterly Federal Tax Return ("Form 941"). The Form 941 was due to the IRS at the end of the month following the end of each calendar quarter and required the employer to report the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits the employer made with the IRS.

8. Financial institutions were required by federal law to file with the Financial Crimes Enforcement Network a form known as a Currency Transaction Report ("CTR") reporting each financial transaction by, or on behalf of, one person that involved United States currency in excess of $10,000. Such financial transactions included deposits, withdrawals, or exchanges of currency.

9. All U.S. corporations and partnerships must file an income tax return each year, regardless of whether they have income or not. All United States persons are required to file income tax returns if their gross income exceeds the statutory threshold.

10. A Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals ("Form 433-A"), is a form that reports various type of information for taxpayers seeking an offer in compromise with the IRS. A Form 433-A requests the general following types of information from the taxpayer: employment information, assets, liabilities, income, expenses, and similar information for businesses owned by the taxpayer.

**RAHIM's Evasion of Payment of his 2004 and 2011 Personal Income Taxes**

11. On or about October 5, 2009, RAHIM filed a 2004 Form 1040, U.S. Individual Income Tax Return ("Form 1040") that reported a tax due and owing of $1,114,087.

12. On or about October 25, 2010, RAHIM filed a 2004 Form 1040X, Amended U.S. Individual Income Tax Return ("Form 1040X") that reported a revised tax due and owing of $911,810. RAHIM later filed another 2004 Form 1040X on or about January 26, 2012 that reported the same tax due and owing.

13. On or about December 6, 2010, the IRS mailed a Notice of Levy to RAHIM notifying him that IRS had levied his state tax refund to collect a portion of his unpaid federal income taxes, interest, and penalties for the 2004 calendar year.

14. On or about January 4, 2011, RAHIM responded to the Notice of Levy by requesting a Collection Due Process or Equivalent Hearing. RAHIM's request sought an installment agreement in lieu of IRS levy action. On or about May 13, 2011, the IRS denied RAHIM's request by a Notice of Determination.

15. On or about September 17, 2012, the IRS mailed RAHIM a notice indicating that he owed unpaid federal income taxes, interest, and penalties for the 2004 calendar year. During a search warrant executed on or about March 24, 2022 at RAHIM's place of business located at Colvin Run Road, Great Falls, Virginia, this notice was recovered from RAHIM's office.

16. On or about October 19, 2012, RAHIM filed a 2011 Form 1040 that reported a tax due and owing of $128,819.

17. On or about January 8, 2013, the IRS mailed a Notice of Intent to Levy to RAHIM at his residence notifying him of the IRS's intent to levy his assets in order to collect his unpaid federal income taxes, interest, and penalties for the 2011 calendar year. On or about

January 9, 2013, a United States Postal Service Certified Mail return receipt was signed acknowledging receipt of the Notice of Intent to Levy.

18. On or about January 23, 2014, the IRS issued a Notice of Levy to bank A, which directed the bank to turn over to the IRS the funds then in RAHIM's accounts in order to collect his unpaid federal income taxes, interest, and penalties for the 2004 and 2011 calendar years. During a search warrant executed on or about March 24, 2022 at RAHIM's place of business located at Colvin Run Road, Great Falls, Virginia, this notice was recovered from RAHIM's office.

19. On or about April 3, 2014, the IRS mailed RAHIM a Notice of Federal Tax Lien Filing indicating that he owed unpaid federal income taxes, interest, and penalties for the 2004 and 2011 calendar years. During a search warrant executed on or about March 24, 2022 at RAHIM's place of business located at Colvin Run Road, Great Falls, Virginia, this notice was recovered from RAHIM's office.

20. On or about August 24, 2016, an IRS Revenue Officer met with RAHIM at BVC's place of business and requested that RAHIM pay his unpaid federal income taxes, interest, and penalties. Since RAHIM indicated that he could not pay in full, the IRS Revenue Officer requested that RAHIM submit a Form 433-A, by September 2, 2016 to assist the IRS with its collection efforts.

21. On or about September 8, 2016 – after RAHIM failed to submit the requested Form 433-A – the IRS issued a Notice of Levy to bank B, which directed the bank to turn over to the IRS the funds then in RAHIM's accounts in order to collect his unpaid federal income taxes, interest, and penalties for the 2004 calendar year.

22. During an interview with special agents from IRS – Criminal Investigation ("IRS-CI") on or about March 24, 2022, RAHIM admitted that he knew he owed federal income taxes to the IRS and acknowledged that he had the ability to pay his taxes. RAHIM also admitted that he was aware of the $10,000 threshold for financial institutions to file a CTR and that he intentionally withdrew currency in amounts under $10,000 to avoid a CTR.

23. From no later than in or about January 2012 through the present, in the Eastern District of Virginia and elsewhere, RAHIM willfully attempted to evade and defeat the payment of income tax due and owing by him to the United States of America, for the calendar years 2004 and 2011, by committing the following affirmative acts, among others:

   a. On or about November 4, 2016, signing under penalty of perjury and causing to be submitted to the IRS a false Form 433-A, from which he omitted certain assets that he owned, including his helicopter, 2006 Bentley, 2008 Lamborghini, and his property located on Patowmack Drive, Great Falls;

   b. Between on or about January 7, 2019 and on or about June 30, 2020, withdrawing over $665,000 in currency in amounts less than $10,000 so as not to trigger the requirement that the financial institution file a CTR;

   c. Dealing extensively in cash, including causing checks to be drawn on a business bank account payable to the names of RAHIM's employees and directing those employees to cash the checks and deliver the funds to him; and

   d. On or about March 24, 2022, providing false explanations to IRS-CI special agents regarding his reasons for omitting certain assets from the Form 433-A that he submitted to the IRS.

24. The IRS has calculated that RAHIM owes outstanding federal income taxes, interest, and penalties to the IRS of $745,802 for 2004 (as of December 14, 2020) and $232,072 for 2011 (as of August 12, 2019).

**RAHIM's Willful Failure to Account for and Pay Trust Fund Taxes for His Businesses**

25. RAHIM exercised control over the business and financial affairs of BVM, BVC, and the businesses that he owned and operated through BVC, as enumerated in paragraph 2 above, which included APC (collectively, "his businesses"). As the person exercising business and financial control, RAHIM hired and fired employees, directed day-to-day management of his businesses, and determined which bills to pay and when to pay them. Thus, RAHIM was a responsible person for collecting trust fund taxes, accounting for those trust fund taxes by filing Forms 941 with the IRS, and paying over to the IRS the trust fund taxes for employees of his businesses.

26. RAHIM maintained 21 separate bank accounts for BVC, BVM, and APC. RAHIM was the sole individual authorized to sign checks on 18 of those 21 bank accounts. For the three remaining BVM accounts, a second individual was authorized to sign checks. However, a review of checks from those three accounts indicated that only RAHIM actually signed checks on behalf of BVM between the opening of those accounts in or about June 2018 and in or about September 2021.

27. In or about September 2009 and November 2010, respectively, BVC and APC contracted with a third-party payroll processor for certain payroll services. Several of RAHIM's other businesses, including Bailey's Laser Tax, LLC; Chesapeake Family Fun, LLC; Dulles Laser Tag, LLC; Myrtle Laser Tag, LLC; North Myrtle Laser Tag, LLC; Orlando Laser Tag,

LLC; Outer Banks Laser Tag, LLC; Sterling Laser Tag, LLC; and Sweet Heat Management, LLC, also contracted with the same third-party payroll processor for certain payroll services.

28. Between the fourth quarter of 2015 and the third quarter of 2021, RAHIM's businesses – including BVC, BVM, and APC – did not file Forms 941 with the IRS or pay over trust fund taxes to the IRS. During that time, the third-party payroll processor prepared Forms 941 on behalf of RAHIM's businesses and provided him with copies of those Forms 941 to file with the IRS. Additionally, RAHIM received a biweekly email from the third-party payroll processor notifying him that payroll reports, including reports showing the amount of trust fund taxes withheld from RAHIM's employees' wages, were available for viewing.

29. Beginning with the second quarter of 2018, RAHIM began processing payroll for all of his employees, including employees of BVC and BVM, through APC's account with the third-party payroll processor.

30. Despite receiving the relevant tax returns from the third-party payroll processer, RAHIM failed to file the returns or pay the relevant taxes.

31. For the third calendar quarter of 2020, ending September 30, 2020, in the Eastern District of Virginia, the IRS has calculated that RAHIM withheld and collected trust fund taxes in the approximate amount of $30,034, and did willfully fail to account for the trust fund taxes by willfully failing to file a Form 941 for the third quarter of 2020, and did willfully fail to pay over the trust fund taxes due and owing to the IRS on behalf of employees of APC for the third quarter of 2020, in the approximate amount of $30,034.

32. In sum, the IRS has calculated that between the fourth quarter of 2015 and the third quarter of 2021, RAHIM failed to pay a total of approximately $866,615 of employment taxes, including the trust fund taxes, on behalf of his businesses.

33. Despite not paying employment taxes to the IRS between the fourth quarter of 2015 and the third quarter of 2021, the IRS has calculated that RAHIM withdrew over $769,000 in cash; purchased over $385,000 in cryptocurrency; paid over $603,000 on mortgages he held on three separate pieces of property; and made over $480,000 in car payments, including on three separate Lamborghini automobiles.

### RAHIM's Failure to File Income Tax Returns

34. Despite running several successful businesses and maintaining his cost of living, the defendant has failed to file any individual personal tax returns since 2012. Furthermore, the defendant has failed to file corporate income tax returns, Forms 1120, or partnership income tax returns, Forms 1065, for his businesses since 2012.

35. The IRS has calculated that the defendant and/or his businesses have received at least $34 million in gross income since 2016, as reported by third-party providers or as deposited to bank accounts in the name of the defendant and/or his businesses. The amount of deductible expenses paid by the defendant is unknown to the IRS.

36. Between 2012 and 2021, the defendant made the following relevant transactions (in amounts calculated by the IRS):

   a. Withdrew at least $1,189,635 in cash.

   b. Transferred at least $351,500 to his spouse.

   c. Paid at least $1,155,572 in mortgage payments.

   d. Paid at least $487,824 towards purchasing and/or maintaining helicopters.

   e. Paid at least $669,382 towards purchasing and/or leasing vehicles.

   f. Purchased at least $385,251 of cryptocurrency.

## Conclusion

37. In total, IRS calculates that the defendant has failed to pay at least $1,844,489 in taxes as described above. This amount does not include any taxes related to failure to file tax returns since 2012.

38. The defendant engaged in the conduct described above willfully and knowingly and not because of accident, mistake, or other innocent reason.

39. This Statement of Facts includes those facts necessary to support a plea agreement between the defendant and the United States. It does not include every fact known to the defendant or the United States and it is not intended to be a full enumeration of all the facts surrounding the defendant's case.

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Kimberly Shartar
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314


_____
William Montague
Trial Attorney
U.S. Department of Justice, Tax Division

Defendant's Stipulation and Signature

After consulting with my attorney and pursuant to the Plea Agreement I entered into this day with the United States, I hereby agree and stipulate that the above Statement of Facts is true and accurate. I further agree and stipulate that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

2/26/24
Date

RICK TARIQ RAHIM
Defendant

Defense Counsel's Signature

I am counsel for the defendant. I have carefully reviewed the above Statement of Facts with him and, to my knowledge; his decision to agree to this Statement of Facts is an informed and voluntary one.

2/26/24
Date

Ann Mason Rigby
Assistant Federal Public Defender

_signatures and dates_

3/26/24

3/26/24