IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | 23-CR-173 |
| v. | Hon. Claude M. Hilton |
| RICK TARIQ RAHIM, | 24-CR-179 |
| Defendant. | Hon. Rossie D. Alston, Jr. |

## DEFENDANT'S MOTION TO CONSOLIDATE TAX & FRAUD CASES

Defendant Rick Tariq Rahim, through the undersigned counsel, respectfully requests that the Court consolidate the proceedings, including the sentencing hearing, as to two pending criminal matters in this district in which he is the defendant. Specifically, having accepted responsibility for a criminal tax offense by entering a guilty plea in case number 23-CR-173-CMH, and having agreed to enter a guilty plea to accept responsibility for participating in a wire fraud scheme in newly-opened case number 24-CR-179-RDA, he requests that further proceedings in both cases take place in consolidated proceedings before one United States District Judge. The background and support for this request, which the defense will file in both case dockets, and on which the government takes no position, follows.

## BACKGROUND

1. On October 25, 2023 an Indictment charging Mr. Rahim with 30 tax offenses was unsealed. The Clerk assigned the case to United States District Judge Claude M. Hilton. 23-CR-173-CMH, ECF 1.

2. On November 29, 2023, a Magistrate Judge appointed undersigned counsel to represent Mr. Rahim. 23-CR-173-CMH, ECF 19. The government thereafter disclosed to undersigned counsel that in addition to investigating Mr. Rahim for tax offenses for several years (resulting in the tax indictment), the government had also been investigating him for alleged wire fraud violations. The fraud investigation was not public.

3. At the January 1, 2024 arraignment in the indicted tax case, Judge Hilton granted the parties' request to find that the tax case was complex, and scheduled trial on a date outside of the Speedy Trial deadline. 23-CR-173-CMH, ECF 21.

4. The parties negotiated a Protective Order governing the government's disclosures of discovery in the tax case, and agreed that its terms would also govern the government's disclosures of some discovery in the fraud investigation. Voluminous productions related to both matters followed.

5. The tax indictment alleged a variety of offenses, concerning several businesses, and decades of conduct. 23-CR-173-CMH, ECF 1. The government's allegations of fraud were likewise complex; the government alleged misconduct through multiple entities and multiple means, spanning several years. As a result, although counsel was prepared to recommend that Mr. Rahim enter a guilty plea with respect to the criminal tax allegations by March, counsel required additional time to investigate and advise Mr. Rahim with respect to the fraud allegations.

6.      Given approaching deadlines in the indicted tax case, and the government's conclusion that seeking a suspension or continuance of those dates was not in its interests, Mr. Rahim agreed to enter a guilty plea with respect to the tax conduct even as the defense continued to evaluate the fraud allegations. On March 15, Mr. Rahim entered his guilty plea in the tax case, and the Court scheduled sentencing for June 21. 23-CR-173-CMH, ECF 32, 33, 34.

7.      In an unopposed motion filed under seal in May, the defense requested a continuance of the tax sentencing for several reasons, including that the pending fraud investigation was interfering with Mr. Rahim's ability to participate completely in the presentence investigation in the tax case, and that the defense's obligations with respect to the fraud case were interfering with its preparation for sentencing in the tax case. Judge Hilton granted the motion and continued sentencing to September 13, 2024. *See* 23-CR-173-CMH, June 28, 2024 Minute Entry.

8.      The parties have now agreed to terms pursuant to which Mr. Rahim will plead guilty to participating in a wire fraud, and entered a written Fraud Plea Agreement. The parties have also agreed to file a written addendum to the Tax Plea Agreement, which memorializes that the parties have agreed to amend the Tax Plea Agreement in consideration of the terms of the Fraud Plea Agreement.

9.      To initiate proceedings in the fraud case yesterday morning, the government sought a case number from the Clerk. The government's Criminal Cover Sheet in the fraud case noted that Mr. Rahim's fraud case relates to the pending tax case insofar as he is the defendant in both cases. The Criminal Cover Sheet also noted

that the fraud case is related to a fraud case before United States District Judge Rossie D. Alson, *United States v. Ian Higgins*, Criminal Case number 24-cr-026-RDA, insofar as Mr. Rahim is admitting that he committed wire fraud through the same business, TradeAutomation.com LLC, that Mr. Higgins has admitted to using to commit wire fraud.[1]

10. The Clerk assigned the case to United States District Judge Rossie D. Alston, Jr., in case number 24-cr-179-RDA, and the government filed the agreed-to Criminal Information with the Clerk this morning.

### CONSOLIDATION WILL PROMOTE JUDICIAL ECONOMY AND THE INTERESTS OF JUSTICE

Consolidation of the tax and fraud cases in which Mr. Rahim has pleaded guilty will promote judicial economy and the interests of justice for the following reasons.

11. The tax and fraud matters obviously concern the same defendant. Further, at least some of the tax and fraud cases concern overlapping periods in Mr. Rahim's life, and both case concern allegations of unlawful enrichment.[2] Indeed, in both cases, the measure of the loss amount for purposes of the United States

---

[1] The defendants both admit to working with the other to commit the fraud through TradeAutomation.com LLC, which they ran together with one other person.

[2] The Statement of Facts incorporated in the Tax Plea Agreement includes admissions to evasion of payment since 2009, failure to account and pay trust fund taxes beginning in 2015, and failure to file tax returns "since 2012," with particular focus on conduct between 2012 and the third quarter of 2021, as well as one false statement in March of 2022. *See* 23-cr-173-CMH, ECF 34 (Tax Plea Statement of Facts) ¶¶ 11, 23(d), 28, 34, 36. The Statement of Facts incorporated in the as-yet-unfiled Fraud Plea Agreement, courtesy copies of which the parties have provided to chambers, describes conduct beginning in May 2021, and continuing through 2024. *See* Fraud Plea Statement of Facts, provided to chambers, ¶¶ 27, 16, 60.

Sentencing Guidelines calculation with respect to each case essentially reflects Mr. Rahim's gain in each case.

12. Consistent with this, the parties have agreed that if the sentencing hearings are consolidated, the Sentencing Guidelines would recommend grouping the offenses, resulting in guidelines that reflect the total loss resulting from both offenses.[3]

13. As noted above, reflected in a Tax Plea Addendum the parties have entered, the parties have agreed to amend the Tax Plea Agreement as part of finalizing the terms of the Fraud Plea Agreement. As these agreements are essentially wired together, it is appropriate for one Court to consider the impact of both agreements.

14. Although the fraud matter concerns the same business underlying Mr. Higgins's case, and the two admit to working together to commit fraud, Mr. Higgins and Mr. Rahim had very different roles in the business, and much of Mr. Rahim's offense conduct was independent of Mr. Higgins's, and vice versa. Mr. Higgins is due to be sentenced at the end of this month, before Mr. Rahim would be sentenced in either the tax case or the fraud case under any circumstances. At present, the government has not requested a continuance of Mr. Higgins's sentencing hearing. Further, the defense understands that the Government's decision on whether a

---

[3] This agreement is reflected in both the Fraud Plea Agreement and the Addendum to the Tax Plea Agreement. Of course, both agreements reflect that only a Court can determine whether the counts will in fact group. See Plea Agreements cited *supra*, note 2.

continuance is necessary for Mr. Higgins is a timing issue independent of whether or not Mr. Rahim's cases are indeed consolidated.[4] Thus, consolidation of these cases will not in itself impact Mr. Higgins's case or sentence, or any other party's case.

15. Consolidating the cases will ensure consistent rulings on legal or discretionary issues that are likely to arise in both the tax and fraud cases, such as, for example, Sentencing Guideline issues including how to properly calculate Mr. Rahim's criminal history score, whether the circumstances justify continued release pending sentencing, and whether a departure from the Guidelines may become appropriate. Consolidation would also promote consistent rulings and efficiency should any other issue arise post-sentencing, and when Mr. Rahim is on supervised release.

16. Consolidating the cases will save the United States Probation Office from having to prepare a second full presentence report. A United States Probation Officer assigned to the tax case has already interviewed Mr. Rahim about his personal background and investigated his criminal history; a draft presentence report was filed on Friday, August 8. If the tax and fraud cases were consolidated, the Officer would only need to amend the Draft to include a section on fraud offense conduct and impact of the fraud case on the guideline calculation, rather than start a new report from scratch.

---

[4] The Defendant understands that the government may seek a continuance of the Higgins matter under certain circumstances, but that decision does not hinge on whether Mr. Rahim's cases are in fact consolidated.

17. Consolidating the cases will also save the time and resources the government and defense counsel, as well as the U.S. Marshals, and other court staff involved in the pretrial and sentencing process.

18. Counsel for the government has reviewed this motion and confirmed that it takes no position on the request for consolidation, instead deferring to the Court.

## CONCLUSION

Because consolidation will promote judicial economy and the interests of justice, as set out above, the defense respectfully requests that one United States District Judge preside over proceedings in both the investment fraud and tax fraud case going forward, accordingly schedule the fraud plea hearing and any necessary hearing on the Tax Plea Addendum, and, at the appropriate time, schedule a single consolidated sentencing hearing for both cases. A proposed order accompanies this motion.

Respectfully submitted,

**RICK RAHIM**

By Counsel,
Geremy C. Kamens
Federal Public Defender

by: /s/
Ann Mason Rigby
VA Bar Number 92996
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0869 (telephone)

(703) 600-0880 (fax)
Ann_Rigby@fd.org

Richard Weber
*Pro Hac Vice Pro Bono Counsel*
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
(212) 294-1718
(212) 294-4700
rweber@winston.com