RECEIVED
IN OPEN COURT

AUG 2 3 2024

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA


IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.                                                    Criminal No. 1:23-CR-173

RICK TARIQ RAHIM,

a/k/a Tariq Afzal Rahim, Defendant.

## ADDENDUM TO THE PLEA AGREEMENT

Jessica D. Aber, United States Attorney for the Eastern District of Virginia; undersigned counsel for the United States; the defendant, RICK TARIQ RAHIM; and the defendant's counsel entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure on March 15, 2024. Dkt. 32, 33. The defendant pleaded guilty to a single count of willful failure to account for and pay taxes, in violation of 26 U.S.C. § 7202.

Since the Plea Agreement in this case was filed ("the Tax Plea Agreement"), the parties have reached a separate agreement as to the defendant's investment fraud conduct in case number 1:24-cr- *179* (hereinafter "the Investment Fraud Plea Agreement" or "the investment fraud case"). In consideration of the Investment Fraud Plea Agreement, the government's position as to detention, as well as additional terms that limit both parties as to the Sentencing Guidelines in this case, the parties now enter this Addendum to the Tax Plea Agreement:

1. **Limitation of Addendum**

Other than the change to the Sentencing Guidelines stipulation listed below in paragraph two and the addition of paragraph three, "Other Agreements," also below, the prior Tax Plea Agreement in this case is still in full force and effect.

1

## 2. Sentencing Guidelines, Recommendations, and Roles

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Federal Rule of Criminal Procedure 11(c)(1)(B), and for purposes of calculating the Sentencing Guidelines for the Tax Plea Agreement, the United States and the defendant stipulate and agree:

- The tax loss is at least $3,500,000 and no greater than $8,789,512.

- The abuse of trust enhancement applies pursuant to §3B1.3 for the employment tax conduct.

The United States will not seek the following enhancement as to the defendant's criminal tax conduct:

- Sophisticated means enhancement pursuant to §2T1.1(b)(2) or §2B1.1(b)(10)(C).

The United States agrees to limit its recommendation of a sentence to the low end of the Sentencing Guidelines range for this case.

The United States understands that the defendant will be seeking a consolidated sentencing by which the defendant would be sentenced for both the tax conduct in this case, as detailed in the Tax Plea Agreement, **and** the Investment Fraud Plea Agreement. The United States will defer to the Court on granting that request. Should the Court agree to a consolidated sentencing, then in accordance with Federal Rule of Criminal Procedure 11(c)(1)(B) and for the purposes of calculating the Sentencing Guidelines, the United States and the defendant stipulate and agree:

- The tax case and the investment fraud case should group under §3D1.2(d);

- That the total loss, **including both the tax loss and the investment fraud loss**, is at least **$3,500,500** and **less than $9,500,000**;

- The investment fraud involved 10 or more victims resulting in the application of §2B1.1(b)(2)(A)(i);

- While the United States will not seek the sophisticated means enhancement for the tax conduct, the parties do not have an agreement as to whether the sophisticated means enhancement applies to the investment fraud conduct pursuant to §2B1.1(b)(10)(C);

- As to the employment tax conduct, the abuse of trust enhancement applies pursuant to §3B1.3;

- The United States agrees to limit its recommendation of a sentence to the low end of the Sentencing Guidelines range for a consolidated sentencing hearing for the tax case and investment fraud case.

The parties have no agreement, whether the sentencing is consolidated or not, as to the application of §3C1.3, Commission of Offense While on Release, which if applicable would result in an additional 3 level enhancement. The parties agree that if §3C1.3 does apply, then the investment fraud conduct would serve as the "offense committed," not the tax conduct.

The United States and the defendant further agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level

3

pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

The United States and the defendant **have not agreed on any further sentencing issues,** whether related to the Sentencing Guidelines or the factors listed in 18 U.S.C. § 3553(a), other than those set forth above or elsewhere in this Tax Plea Agreement. **Any stipulation on a Guidelines provision does not limit the parties' arguments as to any other Guidelines provisions or sentencing factors under Section 3553(a), including arguments for a sentence within or outside the advisory Guidelines range found by the Court at sentencing, except as set forth above or elsewhere in this Tax Plea Agreement.**

### 3. Other Agreements

The parties agree to jointly request a continuation of the tax case sentencing, whether consolidated or not with the investment fraud case, until December 2024.

Additionally, the government will not request that the defendant be detained prior to his reporting to the Bureau of Prisons (BOP), unless the defendant continues to commit the fraud detailed in the investment fraud case Statement of Facts, including accepting subscription fees, violates any other local, state, or federal law, or the government learns of any facts that support the defendant needing to be detained due to his potential flight from prosecution, a serious risk that that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror, the need to protect the safety of any other person and community, his failure to appear for any court hearing in any criminal legal proceedings, him violating any of his terms of pre-trial supervision in the Eastern District of Virginia or the Western District of Virginia, or if Pre-Trial Services recommends that he be detained.

If after sentencing the defendant asks for a stay of him reporting to the BOP, the United States may argue against the stay and that he must report as directed by the BOP.

4.  **Nature of the Agreement and Modifications**

This written agreement, along with the prior Tax Plea Agreement (Dkt. 33), constitutes the complete tax plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Tax Plea Agreement or any associated documents filed with the Court, to cause the defendant to plead guilty. Any modification of this Tax Plea Agreement shall be valid only as set forth in writing in a supplemental or revised tax plea agreement signed by all parties.

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____

Kimberly M. Shartar
Assistant United States Attorney

    **Defendant's Signature:** I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal Indictment. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this Tax Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

8/23/24

Date

                                                    RICK TARIQ RAHIM
                                                    Defendant

    **Defense Counsel's Signature:** I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this Tax Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

8/23/24

Date

                                                    Ann Mason Rigby
                                                    Assistant Federal Public Defender

                                                    Richard Weber
                                                    Winston& Strawn LLP